UNITED STATES of America,
Appellee,

v.

Eddie MERCADO, Defendant–Appellant.

No. 06–1671–cr.

United States Court of Appeals,
Second Circuit.

March 18, 2008.

24

Randall D. Unger, Bayside, New York, for Defendant–Appellant.

Karen L. Peck, Assistant United States Attorney (Peter D. Markle, Assistant United States Attorney, William J. Nardini, Assistant United States Attorney), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, Connecticut, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. JOHN GLEESON, District Judge.*

### SUMMARY ORDER

Defendant-appellant Eddie Mercado appeals from the April 4, 2006 judgment of the United States District Court for the District of Connecticut (Underhill, J.), convicting him, following a jury trial, of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2, and causing the death of another by the use of a firearm equipped with a silencer in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) & (i)(1) and 18 U.S.C. § 2. Mercado was sentenced principally to consecutive sentences of life imprisonment on count 1 and 30 years' imprisonment on count 2. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

■ Mercado first argues that the government failed to offer sufficient evidence that he murdered Aida Escalera with the motive required for murder in aid of racketeering under 18 U.S.C. § 1959(a). The motive requirement of § 1959 may be proved in two ways: either by proving that the defendant committed the offense for the purpose of maintaining or increasing his position in a RICO enterprise or in exchange for something of pecuniary value from that enterprise. See 18 U.S.C. § 1959(a); United States v. Concepcion, 983 F.2d 369, 384 (2d Cir.1992). After reviewing the evidence in the light most favorable to the government, see United States v. Gaskin, 364 F.3d 438, 459 (2d Cir.2004), we conclude that the evidence was sufficient for a rational jury to find beyond a reasonable doubt that Mercado committed the murder for either of these motives, see United States v. Morrison, 153 F.3d 34, 49 (2d Cir.1998). Both Frank Estrada, the enterprise's leader, and Billie Gomez, who admitted killing Escalera with Mercado, testified that Estrada offered Mercado approximately $50,000 of drugs as an incentive to murder the victim soon-

* The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

er rather than later. This testimony alone, which we must assume the jury credited for purposes of a sufficiency challenge, *see id.,* is sufficient to sustain Mercado's conviction based on an exchange for something of pecuniary value. Likewise, with respect to Mercado's motive to maintain or increase his position within the enterprise, Estrada testified that his organization rewarded loyalty, and that obeying orders was a condition for continued membership in the enterprise. Estrada further testified that if Mercado had not carried out this murder, he would have been "cut off" (i.e., he would have lost his job in the enterprise). In short, the evidence was sufficient to allow a jury to find beyond a reasonable doubt that Mercado killed Escalera out of a desire to remain loyal and thereby keep his job, for personal financial gain, or both.

■ Mercado next contends that he was deprived of his right against self-incrimination when an FBI agent testified at trial, without objection, that the agent had approached Mercado's prior attorney to inquire whether Mercado would be willing to cooperate with the government in the investigation of the Escalera murder, but that those efforts "went nowhere." Where there is no objection at trial, we review for plain error. *See United States v. Lombardozzi,* 491 F.3d 61, 72 (2d Cir.2007). Assuming *arguendo* that Mercado identifies (1) error that was (2) plain, Mercado cannot demonstrate that this purported error (3) affected his substantial rights and (4) seriously affected the fairness, integrity, or public reputation of his trial. *See id.* Mercado's argument is that the jury necessarily inferred from the FBI agent's failed efforts with Mercado's former attorney that Mercado had refused to cooperate (i.e., wished to remain silent), and that based on this refusal to cooperate the jury could infer his guilt. *See generally Doyle*

*v. Ohio,* 426 U.S. 610, 618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (holding that "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial"). We conclude that there is no due process violation here because the link between the agent's failed efforts with Mercado's former attorney and the ultimate inference of guilt from Mercado's possible silence during those efforts is too attenuated. For example, the testimony is unclear why the agent's efforts failed, including whether the former attorney agreed to intercede with Mercado and whether Mercado even received the message. In addition, the prosecution did not emphasize Mercado's silence so as to impugn his innocence. Under these circumstances, where the inquiry was sufficiently neutral, the agent's response was sufficiently indeterminate, and the prosecution did not seek to make an issue of the defendant's silence, *see United States v. Casamento,* 887 F.2d 1141, 1179–80 (2d Cir.1989), we cannot conclude that the district court committed plain error warranting vacatur of Mercado's conviction.

■ Finally, Mercado argues that the trial judge constructively amended his indictment, in violation of the Fifth Amendment, by instructing the jury that they could convict Mercado if they found he acted with just one of the two § 1959(a) motives, when the indictment charged Mercado conjunctively as acting with both motives. Because § 1959(a) is worded in the disjunctive, permitting a conviction when the defendant acts with one or both of the motives, the district court did not err in its instructions. *See United States v. Cioffi,* 487 F.2d 492, 499 (2d Cir.1973) ("[I]ndictments worded in the conjunctive, charging violations of statutes worded in the disjunctive, can be supported by proof

of either of the conjoined means of violating the act."); *see also United States v. Rioux*, 97 F.3d 648, 661 (2d Cir.1996) ("The rule that a jury's guilty verdict on a conjunctively worded indictment stands if the evidence is sufficient with respect to any of the acts charged, 'obviously extends to a trial court's jury instructions in the disjunctive in the context of a conjunctively worded indictment.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.